ORIGINAL

Anna Y. Park, CA SBN 164262
Sue J. Noh, CA SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Amrita Mallik, CA SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, 7th Floor
Honolulu, HI 96850
Telephone: (808)541-3133
Facsimile: (808) 541-3390
Email: amrita.mallik@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 18 2013

at 8 o'clock and 5 min. A.M. 
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) CASE NO. CV13 00698 LEK KSC ) |
| Plaintiff, | ) **COMPLAINT - CIVIL** ) **RIGHTS EMPLOYMENT** ) **DISCRIMINATION** |
| v. | ) Age Discrimination in ) Employment Act of 1967, as ) amended, |
| COUNTY OF MAUI POLICE DEPARTMENT, and DOES 1-15, INCLUSIVE, | ) 29 U.S.C. § 621 *et seq.* ) ) **JURY TRIAL DEMAND** |
| Defendant. | ) |

1

_____ )

## NATURE OF THE ACTION

This is an action brought by the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.*, (the "ADEA"), to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Party Lars Sandstrom ("Charging Party" or "Mr. Sandstrom"), who was adversely affected by such practices. As stated with greater particularity in Paragraph 14-24 below, the EEOC alleges that the Defendant County of Maui Police Department (hereinafter referred to as "Maui PD" or "Defendant") failed to hire Charging Party on the basis of his age, forty-five (45), in violation of the ADEA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §§ 216(c) and 217.

2.     The employment practices alleged herein to be unlawful were committed within the jurisdiction of the United States District Court for the

2

District of Hawaii.

## PARTIES

3.     Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by § 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by § 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781 and by Public Law 98-532 (1984) 98 Stat. 2705.

4.     At all relevant times, Defendant has been continuously doing business in the State of Hawaii in the County of Maui and has continuously had at least 20 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h)6.

6.     Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 15, inclusively, and therefore Plaintiff EEOC sues said defendant(s) by fictitious names.  Plaintiff reserves the right to amend the Complaint to name each DOE defendant individually or collectively as they become known.  Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the Complaint to allege such responsibility when the same shall have been ascertained

3

by Plaintiff.

7.      All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, including DOES 1 to 15, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein.  Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

CONDITIONS PRECEDENT

8.      On July 10, 2009, more than thirty days prior to the institution of this lawsuit, Lars Sandstrom filed a Charge of Discrimination with the EEOC alleging that Defendant violated the ADEA.

9.      The EEOC investigated the Charge against Defendant.  Upon receipt of the Charge, Defendant participated in the investigation by responding with a position statement, providing responses to the EEOC's requests for information, and providing information to support its response to the charge.

10.   The EEOC issued a Letter of Determination finding that Defendant subjected Charging Party to discrimination by failing to hire him on the basis of his age (45) in violation of the ADEA.

11.   Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Defendant through informal methods of conciliation, conference, and persuasion within the meaning of §7(b) of the ADEA, 29 U.S.C. § 626(b).

12.   The EEOC issued a conciliation proposal to Defendant but was unable to obtain a conciliation agreement acceptable to the EEOC. The EEOC then notified Defendant that efforts to conciliate had failed.

13.   As detailed in paragraphs 8 through 12, all conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14.   Defendant engaged in unlawful employment practices by failing to hire Mr. Sandstrom for the position of Police Officer I because of his age (45) in violation of the ADEA.  Although Defendant's officials interviewed Mr. Sandstrom for the position after he passed the written civil service exam, Defendant denied him the opportunity to proceed in the selection process because they presumed he would be unable to meet the demands of the position due to this age.

15.     Specifically, Charging Party applied for the position of Police Officer I with the County of Maui Police Department in 2009.

16.  Charging Party was qualified for the position of Police Officer I.  He met all minimum qualifications for training and experience, minimum age of 20 years, good physical condition, 20/20 distance vision with or without corrective lenses, possession of a driver's license, Hawaii state residency, and United States citizenship as defined in the Police Officer I recruitment advertisement published by Defendant.  Charging Party's training and experience included, without limitation, military experience (3 years) and National Guard experience (4 years), a Bachelor's Degree, and significant work and life experience.

17.     On or about March 31, 2009, Charging Party was notified that he had passed the initial written civil service exam with a high score above 90 points.  As a result, Charging Party was scheduled for an oral interview.

18.     On or about May 8, 2009, Charging Party was interviewed by a panel consisting of Deputy Chief (now Chief of Police) Gary Yabuta ("Yabuta"), Captain Danny Matsuura ("Matsuura"), and Lieutenant Bradley Rezentes ("Rezentes") as part of the Police Officer application process.

19.     During this interview, the panel made multiple disparaging, age-based remarks to Charging Party including, but not limited to, "I doubt someone your age could handle the stress of training."  Defendant's panelist stated their doubts about

whether Charging Party could perform the physical holds required due to his age; and whether someone Charging Party's age could take directives from a younger person. One panelist admitted that one of his standard interview questions is whether an applicant could take directives from a younger person.

20.    Defendant decided not to hire Charging Party after his panel interview.

21.    During the hiring period of January 4, 2009 through October 31, 2009, Defendant's hiring panels routinely used age-based language when writing notes during interviews. Examples of these statements include but are not limited to:

    a.    "very good, young applicant,"

    b.    "young – shows potential,"

    c.    "young but poised," and

    d.    "young candidate with a lot of potential."

22.    During the hiring period of January 4, 2009 through October 31, 2009, when Charging Party's application would have been considered, at least 28 applicants were hired who were younger than Charging Party and were less qualified for the position than Charging Party on the basis of their education, experience and civil service written exam scores.

23.    On or about December 3, 2009, at least one other applicant heard ageist remarks during her interview process.

24.    The unlawful employment practices complained of in paragraphs 14-23 were willful within the meaning of section 7(b) of the ADEA, 29 U.S.C. §

626(b).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, and assigns and all persons in active concert or participation with them, from engaging in any employment practices which results in discrimination on the basis of age.

B.    Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for persons forty (40) years of age and older, and which eradicate the effects of their past and present unlawful employment practices;

C.    Grant a judgment requiring Defendants to pay Charging Party appropriate wages and benefits in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest.

D.    Order Defendants to make Charging Party whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices including, but not limited to, rightful-place reinstatement with seniority restored, or front pay in lieu thereof.

E.    Grant such further relief as the Court deems necessary and proper in the public interest; and

F.      Award the EEOC its costs in this action.

<u>JURY DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Dated: December 16, 2013                    Respectfully Submitted,

                                            P. DAVID LOPEZ
                                            General Counsel

                                            JAMES LEE
                                            Deputy General Counsel

                                            GWENDOLYN YOUNG REAMS
                                            Associate General Counsel

                                            BY:
                                            ANNA Y. PARK
                                            Regional Attorney
                                            EQUAL EMPLOYMENT
                                            OPPORTUNITY COMMISSION
                                            Los Angeles District Office